IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. 13-CR-02524-MCA-GJF
                                                         No. 17-CV-01266-MCA-GJF

TIMOTHY SHANKS,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts, on Defendant Timothy Shanks' Motion To Vacate, Set Aside or Correct Sentence And/Or Conviction Pursuant To 28 U.S.C. § 2255, filed on December 28, 2017. [CR Doc. 54] Defendant contends that his conviction of using, carrying, possessing and brandishing a firearm during and in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) is unconstitutional in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017). [CR Doc. 54] On June 15, 2018 the Government filed a response, contending that Defendant's § 2255 motion should be denied because "Hobbs Act robbery qualifies as a crime of violence under the force or elements clause of 18 U.S.C. § 924(c)(3)(A)" pursuant to *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018). [CR Doc. 57 at 3] For the reasons explained below, the Court concludes that Defendant is not entitled to relief and, therefore, his § 2255 motion will be dismissed, a certificate of appealability will be denied, and judgment will be entered.

I.  BACKGROUND

On December 17, 2013, Defendant was charged by Superseding Indictment with: (1) Count 1—felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) Count 2—interference with interstate commerce by robbery and violence in violation of 18 U.S.C. 1951(a) (hereinafter referred to as "Hobbs Act robbery"); (3) Count 3—using, carrying, possessing and brandishing a firearm during and in relation to and in furtherance of a crime of violence (specifically Hobbs Act robbery as charged in Count 2 of the Superseding Indictment) in violation of 18 U.S.C. § 924(c); (4) Count 4—distribution of 5 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (5) Count 5—felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (6) Count 6—felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [CR Doc. 30] Pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Defendant pleaded guilty to Counts 3 and 5 of the Superseding Indictment and the parties "agree[d] that a total sentence of twelve (12) years is the appropriate disposition of this case: five (5) years for Count 5 plus a consecutive seven (7) years for Count 3." [CR Doc. 40 at 2-3] The Court accepted Defendant's guilty plea and the plea agreement and sentenced Defendant to a total term of imprisonment of 144 months (12 years) as specified in the plea agreement. [CR Docs 41, 47, 49] Judgment was entered on Defendant's conviction and sentence on July 8, 2014. [CR Doc. 49]

On December 28, 2017, Defendant filed the present § 2255 motion, which challenges the constitutional validity of his § 924(c) conviction in light of the United States Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and the United States Court of

2

Appeals for the Tenth Circuit's recent decision in *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017). On June 15, 2018, the Government filed its response, contending that Defendant is not entitled to relief under § 2255 because Hobbs Act robbery is a crime of violence under the force or elements clause of 18 U.S.C. § 924(c)(3)(A). [CR Doc. 57]

## II.   DISCUSSION

In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the United States Supreme Court held that the residual clause definition of a "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague for the same reasons that the residual clause definition of a "crime of violence" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague—because it "requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk." *Sessions*, 138 S. Ct. at 1216 (internal quotation marks and citation omitted). The Court therefore held that § 16(b) was invalid since it "produces, just as ACCAs residual clause did, more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* (internal quotation marks and citations omitted). In *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018), the United States Court of Appeals for the Tenth Circuit held that "*Dimaya*'s reasoning for invalidating § 16(b) applies equally to § 924(c)(3)(B)," which is worded identically to § 16(b) and, therefore, "is likewise unconstitutionally vague."

Notably, only the *residual clause* definition of a "crime of violence" in § 924(c)(3)(B) is unconstitutionally vague pursuant to *Dimaya* and *Salas*. *See* § 924(c)(3)(B) (providing that a crime of violence is a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). A felony offense that falls within the purview of the *force or elements* clause, § 924(c)(3)(A),

3

remains a valid predicate for a § 924(c) conviction. A felony offense falls within the purview of the force or elements clause if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

In the present case, Defendant's § 924(c) conviction was predicated on the crime of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). Under the Hobbs Act, robbery is defined as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

The United States Court of Appeals for the Tenth Circuit recently addressed the question of whether Hobbs Act robbery falls within the purview of the force or elements clause in § 924(c)(3)(A) or the residual clause in § 924(c)(3)(B). In *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018), Mr. Melgar-Cabrera sought to invalidate his conviction, alleging that "Hobbs Act robbery fails to categorically constitute a crime of violence under what is sometimes called the statute's elements or force clause, § 924(c)(3)(A)." *Id.* at 1060. Applying the categorical approach, the Court of Appeals disagreed, holding that Hobbs Act robbery "can only be satisfied by violent force," *id.* at 1065, and, therefore, it "is a crime of violence under the elements clause of § 924(c)(3)," *id.* at 1060 n.4. In arriving at its conclusion the Court of Appeals distinguished its recent decision in *United States v. O'Connor*, 874 F.3d 1147 1158 (10th Cir. 2017), which held that Hobbs Act robbery is not a "crime of violence" under the United States Sentencing Guidelines (U.S.S.G.), § 4B1.2(a)(1). The Court noted that:

> while § 4B1.2(a)(1) has language similar to § 924(c)(3)(A), it is not identical. *Compare* U.S.S.G. § 4B1.2(a)(1) (stating that an offense

4

> is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* § 924(c)(3)(A) (stating that an offense is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (emphasis added)). *O'Connor* pointed out this distinction in its holding and limited it accordingly: "There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person or property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person." *Id.* (citing *United States v. Andino-Ortega*, 608 F.3d 305, 310-12 (5th Cir. 2010)). Thus, we see no inconsistencies between our opinion here and *O'Connor*.

*Id.* at 1066 n.7. Therefore, the Court affirmed Mr. Melgar-Cabrera's conviction. *Id.* at 1066.

Like Mr. Melgar-Cabrera, Defendant is not entitled to relief under § 2255 because Hobbs Act robbery falls within the force or elements clause of § 924(c)(3)(A), rather than the unconstitutional residual clause of § 924(c)(3)(B). Thus, Defendant's reliance on *Dimaya* and *O'Connor* is misplaced.

Alternatively, Defendant appears to argue that his § 924(c) conviction is invalid because the underlying felony offense of Hobbs Act robbery was dismissed pursuant to the plea agreement. [CR Doc. 54 at 3 (arguing that "since this portion of the indictment was dismissed, any application of a § 924(c) must as well be dismissed or stricken as unconstitutional")]. Although the Government bears the burden to prove that a criminal defendant committed the underlying crime of violence to support a § 924(c) conviction, it is unnecessary for the defendant "to be separately charged with and convicted of the underlying offense." *United States v. Barrett*, 496 F.3d 1079, 1094 (10th Cir. 2007). An admission to the underlying crime of violence in a plea agreement, plea colloquy, and guilty plea is sufficient to support a § 924(c) conviction. *See United States v. Powell*, 159 F.3d 500, 503-04 (10th Cir. 1998). In the present case, Defendant admitted in his plea agreement that he committed the underlying crime of violence of Hobbs Act robbery [*see* CR Doc.

5

40 at 4-5] and, therefore, Defendant is not entitled to relief under § 2255.[1]

For the foregoing reasons, Defendant's § 2255 motion will be dismissed. When a district court enters a final order adverse to the applicant in a habeas proceeding, the court "must issue or deny a certificate of appealability." Rule 11 of the Rules Governing Section 2255 Proceedings For the United States District Courts. To be entitled to a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate this Court's conclusion that Hobbs Act robbery falls within the force or elements clause of § 924(c)(3)(A) and, therefore, a certificate of appealability will be denied.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion To Vacate, Set Aside or Correct Sentence And/Or Conviction Pursuant To 28 U.S.C. § 2255[CR Doc. 54] is DISMISSED; a certificate of appealability is DENIED; and judgment will be entered.

_____  July 10, 2018
UNITED STATES DISTRICT COURT JUDGE

---

[1] In light of this conclusion, the Court agrees with the Government that it "need not wade into the issue as to whether Defendant sufficiently waived his right to collateral relief in his plea agreement." [CR Doc. 57 at 3]